**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JERRY BROWN** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: 4:26-CV-153-DMB-JMV**

**TOWER LOAN OF KOSCIUSKO, ET AL.** **DEFENDANTS**

**ORDER DENYING MOTION TO LIFT STAY**

This matter is before the Court on the pro se Plaintiff's motion to lift the stay of the case. [Doc. 13]. The motion itself is two pages long and makes numerous allegations that are difficult to decipher, but at the core appears to be a request that the "Court lift the stay and allow the Plaintiff's claim to proceed." Defendants Tower Loan of Kosciusko and Tower Loan of Mississippi, LLC filed a response in opposition to the motion [Doc. 23] on September 22, 2026. No reply was filed, and the time for doing so has now passed.

A brief recitation of the procedural history of this matter is in order. Plaintiff's case was removed to this Court on August 20, 2026, based upon diversity jurisdiction. Thereafter, on August 27, 2026, Defendants Tower Loan of Kosciusko and Tower Loan of Mississippi, LLC filed a motion to dismiss, therein raising the issue of lack of personal jurisdiction. On August 28, 2026, this Court entered an Order Staying the Case Management Conference, Initial Disclosures, and Discovery [Doc. 9] pending a ruling on Defendants' motion to dismiss. As explained in the Order [Doc. 9] the aforementioned proceedings were stayed based upon Local Uniform Civil Rule 16(b)(3)(B), which provides that "[f]iling a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal."

Then, on September 1, 2026, Plaintiff filed a motion to remand [Doc. 11]. On September 2,

2026, the Court entered an Amended Order Staying the Case Management Conference, Initial Disclosures, and Discovery [Doc. 12]. As explained in the amended order, Local Uniform Civil Rule 16(b)(1)(B) provides that filing a motion to remand "will stay the attorney conference and disclosure requirements and all discovery not relevant to the remand or referral issue and will stay the parties' obligation to make disclosures pending the court's ruling on the motions." Accordingly, the amended order provided that "this case is stayed pending a ruling on both the Motion to Dismiss [Doc. 6] and the Motion to Remand [Doc. 11]." *Id.*

Plaintiff has provided zero authority that would persuade this Court to lift the stay of this case contrary to the Local Uniform Civil Rules of this Court. IT IS THEREFORE, ORDERED, that Plaintiff's motion to lift stay [Doc. 13] is DENIED. As provided in the amended stay order [Doc. 12], the case management conference, initial disclosures, and all discovery are stayed pending a ruling on both Defendants' motion to dismiss [Doc. 6] and Plaintiff's motion to remand [Doc. 11].

SO ORDERED, this the 8th day of October, 2026.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**