**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**JERRY BROWN** **PLAINTIFF**

**v.** **CIVIL ACTION NO.: 4:26-cv-153-DMB-JMV**

**TOWER LOAN OF KOSCIUSKO, et al.** **DEFENDANTS**

**ORDER DENYING MOTION FOR ENTRY OF DEFAULT**

This matter is before the Court upon Plaintiff Jerry Brown's Motion for Entry of Default as to Woodstock Furniture Value Center [Doc. 27]. For the following reasons, the motion is denied.

Plaintiff initiated this action by filing a Complaint on July 16, 2026, in the Circuit Court of Attala County, Mississippi. [Doc. 5-4]. On August 19, 2026, Defendant Woodstock Furniture Value Center ("Woodstock") made a limited entry of appearance and filed its Motion to Dismiss, arguing insufficient process, insufficient service of process, and/or lack of personal jurisdiction. [Docs. 5-7, 5-8]. The following day, on August 20, 2026, Defendant(s) Tower Loan of Mississippi, LLC, doing business as Tower Loan of Kosciusko, filed its Notice of Removal to this Court. [Doc. 1].

On September 21, 2026, the Clerk's Office of this Court entered a Notice of Past Due Answer as to Woodstock [Doc. 20], and that same day, Woodstock once again filed its Motion to Dismiss by limited special appearance [Doc. 21]. Thereafter, on October 5, 2026, Plaintiff filed the instant Motion for Entry of Default [Doc. 27]. In it, Plaintiff argued that Woodstock's deadline to answer was August 31, 2026, and certified via affidavit that Woodstock "was duly served with a copy of the Summons and copy of Plaintiff's Complaint early, on the 21 day of July 2026, as more specifically set forth in the process and return, a copy of which is attached hereto. Pending, Good Cause." [Doc. 27].

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[d]efaults are not favored and their strict enforcement has no place in the Federal Rules." *Cont'l W. Ins. Co. v. Concept Agri-Tek, LLC*, No. 4:20-CV-20-DMB-JMV, 2020 WL 6051261, at *1 (N.D. Miss. Oct. 13, 2020). Instead, "modern federal procedure favors trials on the merits." *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985). When a Defendant's motion to dismiss is filed before a motion for entry of default judgment, entry of default is precluded under Rule 55(a). *Ellis v. Clarksdale Pub. Utilities*, No. 4:20-CV-32-DMB-JMV, 2020 WL 6708758, at *3 (N.D. Miss. Nov. 13, 2020) (citing *Waltner v. Aurora Loan Servs., LLC*, No. A-11-CA-502, 2012 WL 12864992, at *2 (W.D. Tex. Jan. 17, 2012) *aff'd*, 551 F. App'x 741, 745 (5th Cir. 2013)); *see also Flores v. Select Energy Servs., L.L.C.*, 486 F. App'x 429, 431-32 (5th Cir. 2012).

It is clear that Woodstock has defended this action. In state court, it filed a Motion to Dismiss by special appearance, even when, it argues, it had not been properly served.[1] [Docs. 5-7, 5-8]. While the Clerk docketed a Notice of Past Due Answer as to Woodstock Furniture Value Center, under L.U. Civ. R. 5(b)(1), Woodstock's duty to refile the unresolved jurisdictional motion had not yet arisen. *See* L.U. Civ. R. 5(b)(1) ("within 14 days after the case management conference, the parties must file as separate docket items any unresolved motions that were filed in state court and that they wish to advance."). Even so, once the Clerk entered the Notice of Past Due Answer, Woodstock again defended by filing its Motion to Dismiss in this Court the same day. [Doc. 21].

---

[1] The undersigned does not comment on the matter of effective service of process as that issue is before the Chief District Judge in the pending Motions to Dismiss. [Docs. 6, 21]. The conclusion reached herein remains the same whether or not service was effectuated in compliance with the Federal Rules of Civil Procedure.

Only *after* Woodstock had filed its Motion to Dismiss in this Court did Plaintiff move for entry of default. [Doc. 27].

**THEREFORE, IT IS ORDERED** that Plaintiff Jerry Brown's Motion for Entry of Default as to Woodstock Furniture Value Center [Doc. 27] is hereby **DENIED**.

**SO ORDERED**, this, the 23rd day of October, 2026.

/s/ Jane M. Virden

**UNITED STATES MAGISTRATE JUDGE**